**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANNY G. LAUER AND PATRICE A. MULQUEEN, individually, and as Co-Administrators of the ESTATE of LORENA LAUER, | CIVIL ACTION – LAW |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | NO.: |
| BOMBARDIER RECREATIONAL PRODUCTS INC. | |
| Defendant. | |

## <u>COMPLAINT</u>

AND NOW COME Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, individually, and as Co-Administrators of the Estate of Lorena Lauer, by and through their legal counsel, Fellerman & Ciarimboli Law, P.C., to complain against Defendant, Bombardier Recreational Products, Inc., and in support thereof aver as follows:

## **PARTIES**

1.      Plaintiff, Danny G. Lauer (hereinafter "Mr. Lauer"), is a competent adult individual who resides at 1009 Delaware Lane, Stroudsburg, Pennsylvania 18360.

2.      Plaintiff, Patrice A. Mulqueen (hereinafter "Ms. Mulqueen"), is a competent adult individual who resides at 1009 Delaware Lane, Stroudsburg, Pennsylvania 18360.

3.      Decedent, Lorena Lauer ("Ms. Lauer"), was a competent nineteen (19) year old adult individual at the time of the incident giving rise to this Complaint, who tragically lost her life by drowning on the Sea-Doo which is described herein below.

4.      Danny G. Lauer and Patrice A. Mulqueen are the married parents of Lorena Lauer and will be referred to collectively herein as "Plaintiffs."

5.      At all relevant times hereto, Plaintiffs were the Co-Administrators of the Estate of Lorena P. Lauer.

6.      Defendant, Bombardier Recreational Products Inc. (hereinafter "Defendant" or "BRP") is a business, company, entity, partnership, franchise, fictious name, proprietorship or corporation with its principal place of business, mailing address and/or registered office for the acceptance of service located at 726 Rue St. Joseph, Valcourt, Quebec J0E 2L0, Canada.

7.      At all relevant times hereto, BRP was registered to conduct business within the Commonwealth of Pennsylvania, Monroe County.

8.      The incident which forms the basis of this Complaint occurred on the Premises of Camp Pocono Trails ("Camp Pocono") located at 300 Camp Akiba Road, Reeders, Pennsylvania 18352.

## JURISDICTION AND VENUE

9.      This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

10.      Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b)(2).

## OPERATIVE FACTS COMMON TO ALL COUNTS

11.      At all relevant times hereto, BRP was engaged in the sale of recreational products, including Sea-Doo personal watercrafts ("PWCs"), for profit.

12.      On July 7, 2022, Plaintiffs' Decedent, Lorena Lauer, was a passenger on a 2014 Sea-Doo GTI SE 130 personal watercraft ("Sea-Doo") acting as a "spotter" for individual(s) riding on a tube behind the Sea-Doo.

13.      The spotter's responsibility is to alert the driver of the Sea-Doo when a tuber has fallen off the tube, so the driver can circle back to pick up the individual in the water.

14.     While Ms. Lauer was a passenger on the Sea-Doo, the Sea-Doo hit a wave, causing her to fall into the water.

15.     The Sea-Doo, like many similar PWCs, uses a water intake system to propel the vehicle.

16.     A water intake pump draws water in and uses the water as part of the process that propels the vehicle and cools the engine.

17.     When Ms. Lauer fell into the water, due to the defective design of the Sea-Doo, her hair was pulled into the water intake system by the intake pump.

18.     As a result of further design defects, when Ms. Lauer's hair was pulled into the water intake system by the intake pump, her hair became entangled in the PWC's impeller drive shaft, which was rotating at a high speed when Ms. Lauer's hair came in contact with it.

19.     As a result, Ms. Lauer was trapped underwater by her hair being tangled in the impeller drive shaft located inside the grate at the beginning of the water intake system.

20.     Tragically, Ms. Lauer died before bystanders were able to cut her hair and pull her out of the water ("Incident").

21.     Upon information and belief, Defendant BRP designs, manufactures, and sells all Sea-Doo products, including the Sea-Doo responsible for the Incident that caused the death of Ms. Lauer.

22.    The Sea-Doo responsible for the incident had multiple defects that caused Ms. Lauer's death, each of which individually and collectively rendered the vehicle unreasonably dangerous to those using the Sea-Doo.

23.    As these defects were part of the Sea-Doo's design, the defects existed at the time Defendant sold the Sea-Doo.

24.    At all relevant times, Ms. Lauer used the Sea-Doo in a manner intended by and/or foreseeable to Defendant.

25.    Defendant knew or should have known that the defective design in the Sea-Doo created an unreasonable risk of harm to those using the Sea-Doo.

26.    Defendant owed a duty to Ms. Lauer and others using the Sea-Doo to design products that did not create an unreasonable risk of harm.

27.    Defendant breached that duty by failing to account for serious design defects in their Sea-Doo that caused a risk of serious injury and death.

28.    As a result of Defendant's breach, Ms. Lauer's hair became entangled in the Sea-Doo's impeller drive shaft, causing Ms. Lauer to suffer a painful and terrifying death.

29.    Further, Defendant failed to warn Ms. Lauer of the dangerous risk created by the water intake system.

30.    Nowhere on the Sea-Doo was any warning made available that would be visible to Ms. Lauer from her position as a passenger on the Sea-Doo.

31.    As a result, Ms. Lauer had no warning that her hair could be pulled into the water intake system.

32.    At all times relevant hereto, Defendant exhibited a conscious disregard for the health and safety of individuals using their products, including Ms. Lauer, knowingly disregarding its duty to ensure that its products were safe.

33.    At all relevant times, the defects in the Sea-Doo were not obvious to Ms. Lauer.

34.    At all relevant times hereto, Ms. Lauer acted in a careful, cautious, reasonable, and prudent manner.

35.    At all relevant times hereto, Ms. Lauer was free from negligence and did not assume the risk of accident, injury, or death.

## COUNT I

## NEGLIGENCE / RECKLESSNESS

## DANNY G. LAUER AND PATRICE A. MULQUEEN AS CO-ADMINISTRATORS OF THE ESTATE OF LORENA LAUER V. BOMBARDIER RECREATIONAL PRODUCTS INC.

36.    The preceding paragraphs are incorporated herein by reference as though fully set forth below.

37.    The negligence, carelessness, and/or recklessness of Defendant Bombardier Recreational Products Inc. was a direct and proximate cause of Ms. Lauer's injuries and subsequent death.

38. The negligence carelessness, and/or recklessness of Defendant Bombardier Recreational Products Inc. includes, but is not limited to the following:

a. Designing a product in a manner that created an unreasonable risk of injury and/or death to Ms. Lauer;

b. Having knowledge, either actual or constructive, of the risks caused by defects in their product and failing to remedy such defects;

c. Recklessly failing to fit the Sea-Doo with a drive shaft guard/cover, which is common in the PWC industry and was common in the PWC industry in 2014, when such a device is specifically designed to protect against hair and other objects becoming tangled in the impeller drive shaft;

d. Failing to properly warn Ms. Lauer of the risks caused by their defective design;

e. Failing to place warnings in locations that can be seen by passengers on the Sea-Doo, despite the fact that passengers are likely to be least familiar with the risks associated with riding the Sea-Doo;

f. Failing to inspect their products to discover dangerous design defects;

g. Knowing or in the exercise of reasonable care failing to know and warn of the dangerous design defects, and allowing those defects to exist in reckless disregard of the safety of Ms. Lauer;

h. Acting or failing to act in conscious disregard of Ms. Lauer's rights and safety; and

i. Prioritizing profits over the safety of those using products produced by Defendant.

39.     As a result of the carelessness, negligence, and recklessness of Defendant Bombardier Recreational Products Inc., individually and by and through their agents, servants, workmen, and employees, Ms. Lauer suffered a dreadful and painful death.

**WHEREFORE,** Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, as Co-Administrators of the Estate of Lorena Lauer, seek all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including compensatory and punitive damages, in an amount in excess of $75,000.

## COUNT II

## PRODUCTS LIABILITY – STRICT LIABILITY

## DANNY G. LAUER AND PATRICE A. MULQUEEN AS CO-ADMINISTRATORS OF THE ESTATE OF LORENA LAUER V. BOMBARDIER RECREATIONAL PRODUCTS INC.

40.     The preceding paragraphs are incorporated herein by reference as though fully set forth below.

41.     The Sea-Doo responsible for the Incident outlined above had multiple defects that caused Ms. Lauer's death including, but not limited to the failure to include a drive shaft guard/cover and the failure place warnings visible to

passengers, each of which individually and collectively rendered the PWC unreasonably dangerous.

42.    Upon information and belief, the defects were consistent with the design of the Sea-Doo, and existed at the time the Sea-Doo was sold and placed into the public.

43.    At the time the Incident occurred, Ms. Lauer was a passenger on the Sea-Doo and the Sea-Doo was being used for a purpose intended by and/or foreseeable to Defendant.

44.    As a direct result of the defects found in Defendant's Sea-Doo, Ms. Lauer's hair became entangled in the impeller drive shaft, resulting in her death.

45.    The danger created by the defects found in the Sea-Doo was both unknowable and unacceptable to the average consumer, including Ms. Lauer.

46.     Further, the probability and severity of the harm caused by the Sea-Doo far outweighs the burden and/or cost to Defendant of simply taking precautions to protect against such harm, including but not limited to the installation of a drive shaft guard/cover and the proper placement of warnings.

47.    Defendant did not design the Sea-Doo with a drive shaft guard cover or similar device capable of eliminating and/or greatly reducing the possibility of Ms. Lauer's hair becoming tangled in the drive shaft.

48.     Further, Defendant failed to warn Ms. Lauer of the known dangers associated with the water intake system and impeller drive shaft as it pertained to the ability of the mechanisms to pull in and trap loose material such as hair.

49.     Defendant placed warnings on the Sea-Doo that would at no relevant point be visible to passengers and were at no point visible to Ms. Lauer.

50.     One warning was located in front of the driver of the Sea-Doo, which was at no point visible to Ms. Lauer as it was blocked by the body of the Sea-Doo's operator.

51.     The second warning was located on the floor of the vehicle in the back, facing out toward the water.

52.     In order to read the second warning, Ms. Lauer would have to be in the water with her head out of the water looking down at the warning. In other words, Ms. Lauer would have already been out of harm's way by the time she was able to identify and read the second warning label.

53.     As such, no warning label was placed in a location where a passenger on the Sea-Doo, such as Ms. Lauer, would have an opportunity to read the warning, despite Defendant's intention that passengers be able to sit on the Sea-Doo and Defendant's knowledge that passengers would likely be unfamiliar with the dangers associated with their product.

**WHEREFORE,** Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, as Co-Administrators of the Estate of Lorena Lauer, seek all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including compensatory and punitive damages, in an amount in excess of $75,000.

<u>**COUNT III**</u>

<u>**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**</u>

<u>**DANNY G. LAUER AND PATRICE A. MULQUEEN AS CO-ADMINISTRATORS OF THE ESTATE OF LORENA LAUER V. BOMBARDIER RECREATIONAL PRODUCTS INC.**</u>

54.     The preceding paragraphs are incorporated herein by reference as though fully set forth below.

55.     Pennsylvania has adopted U.C.C. § 2-314 regarding the Implied Warranty of Merchantability, identifying that among other requirements, a good sold by a merchant who regularly sells such goods must be fit for the ordinary purpose for which such goods are used.

56.     It is well-known in the PWC industry and among those who have ridden on PWCs that it is not uncommon for an individual to fall from a PWC into the water.

57.     In order for a PWC to be fit for its ordinary purpose of being a safe recreational water vehicle, it must be fit to safely handle a situation in which an occupant of the PWC falls into the water.

58.     When Ms. Lauer fell into the water, her hair was pulled in by the Sea-Doo's water intake pump and became tangled in the vehicle's impeller drive shaft, causing Ms. Lauer to become trapped and ultimately drown.

59.     As the Sea-Doo was incapable of safely navigating a situation common for PWCs to encounter, the Sea-Doo was clearly not fit for the purpose of being a safe recreational water vehicle.

**WHEREFORE,** Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, as Co-Administrators of the Estate of Lorena Lauer, seek all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including compensatory and punitive damages, in an amount in excess of $75,000.

## COUNT IV

## WRONGFUL DEATH

## DANNY G. LAUER AND PATRICE A. MULQUEEN AS CO-ADMINISTRATORS OF THE ESTATE OF LORENA LAUER V. BOMBARDIER RECREATIONAL PRODUCTS INC.

60.     The preceding paragraphs are incorporated herein by reference as though fully set forth below.

61.     Under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301 Lorena Lauer, deceased, left surviving her sole heirs-at-law, her parents who reside at the following addresses:

    a. Danny G. Lauer (father) – 1009 Delaware Lane, Stroudsburg, PA 18360; and

    b. Patrice A. Mulqueen (mother) – 1009 Delaware Lane, Stroudsburg, PA 18360.

62.     As a result of the negligent and otherwise wrongful acts and omissions of Defendant, as described more fully herein, Ms. Lauer suffered catastrophic, permanent and fatal injuries and death resulting in the entitlement to damages by the aforementioned beneficiaries under the Wrongful Death Act.

63.     Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, Co-Administrators of the Estate of Lorena Lauer, deceased, hereby claim the full measure of damages recoverable by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301, and the decisional law interpreting the Act.

64.     Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, Co-Administrators of the Estate of Lorena Lauer, deceased, claim damages for the pecuniary loss suffered by reason of the death of Lorena Lauer, including but not limited to, damages for all funeral and burial expenses, and the costs of estate administration necessitated by the reason of the injuries which caused the death of Lorena Lauer.

65.    Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, Co-Administrators of the Estate of Lorena Lauer, deceased, claim damages for the loss of maintenance, support, comfort, care, society, and/or other losses as specifically recognized under the Wrongful Death Act and its Pennsylvania case law progeny, including <u>Rettger v. UPMC Shadyside</u>, 2010 PA Super 41, P32, 991 A.2d 915, 933 (Pa. Super. 2010), including profound psychological and emotional loss.

**WHEREFORE**, Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, as Co-Administrators of the Estate of Lorena Lauer, seek all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania in an amount in excess of $75,000.

<u>**COUNT V**</u>

<u>**SURVIVAL ACTION**</u>

<u>**DANNY G. LAUER AND PATRICE A. MULQUEEN AS CO-ADMINISTRATORS OF THE ESTATE OF LORENA LAUER V. BOMBARDIER RECREATIONAL PRODUCTS INC.**</u>

66.    The preceding paragraphs are incorporated herein by reference as though fully set forth below.

67.    Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, individually and as Co-Administrators of the Estate of Lorena Lauer, bring this action on behalf of the Estate of Lorena Lauer under and by virtue of the Survival Act, 42 Pa. C.S.A. §

8302 and the applicable Rules of Civil Procedure and decisional law interpreting this Act.

68.     As result of the negligent and otherwise wrongful acts and omissions of Defendant, as described more fully herein, Plaintiffs' Decedent, Lorena Lauer, suffered catastrophic, permanent and fatal injuries and death resulting in the entitlement to damages by the Estate of Lorena Lauer under the Survival Act.

69.     Plaintiffs claim the full measure of damages recoverable under and by virtue of the Survival Act and the decisional law interpreting the Act.

70.     On behalf of the Estate of Lorena Lauer, Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, claim damages for all economic losses to the Estate as specifically recognized under the Survival Act and its Pennsylvania case law progeny, including the decedent's total estimated future earning capacity, less personal maintenance costs.

71.     On behalf of the Decedent's estate, Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, claim damages for the Decedent's physical discomfort, pain and suffering, loss of enjoyment of life and life's pleasures, and all other damages and losses recoverable specifically under the Survival Act and its Pennsylvania case law progeny interpreting the Act.

**WHEREFORE**, Plaintiffs, Danny G. Lauer and Patrice A. Mulqueen, as Co-Administrators of the Estate of Lorena Lauer, seek all damages allowed under the

laws of the Commonwealth of Pennsylvania and United States District Court for the

Middle District of Pennsylvania in an amount in excess of $75,000.

Respectfully submitted:

**FELLERMAN & CIARIMBOLI LAW, P.C.**

BY: _____

Brian C. Corcoran, Esquire
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444
*Counsel for Plaintiffs*

Date: July 3, 2024